## LEWELLEN v. HARDY–BURLINGHAM MIN. CO.

### No. 85.

District Court, E. D. Kentucky, at Jackson.

Sept. 8, 1947.

Courtney C. Wells, of Hazard, Ky., for plaintiff.

J. W. Craft, Jr., and Craft & Stanfill, all of Hazard, Ky., for defendant.

FORD, District Judge.

This is an action under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq, wherein the plaintiff seeks to recover from his employer alleged unpaid overtime compensation in the amount of $1685.40 together with an additional equal amount as liquidated damages and reasonable attorney's fee.

The case having been tried to the Court without the intervention of a jury and the Court, having heard the testimony introduced by the parties respectively and having considered the issues of law and fact presented, makes findings of fact and states separately conclusions of law thereon, as follows:

### Findings of Fact

1. The defendant Hardy-Burlingham Mining Company is a corporation organized and existing under the laws of the State of Kentucky, engaged in mining and selling coal in interstate commerce from its mine and place of business in Perry County, Kentucky.

2. From October 1, 1942, to October 1, 1944, plaintiff was regularly employed by defendant as an industrial policeman to guard and police its mine camp and properties, including its buildings and tipples, at an agreed salary of $150 per month, and from October 1, 1944, to and including August 15, 1945, he was employed by the defendant for the same purpose at an agreed salary of $175 per month.

3. During the period of plaintiff's employment by the defendant from October 1, 1942, to August 15, 1945, the plaintiff, as such employee of the defendant, was engaged in commerce within the meaning of the Fair Labor Standards Act and was entitled to the benefit of the provisions thereof.

4. For the period of 104 weeks from October 1, 1942, to October 1, 1944, the plaintiff worked for defendant, allowing for time off for his personal affairs, at least 104 hours each week or 64 hours overtime each week (time in excess of 40 hours), for which, at the regular hourly rate computed in accordance with the established formula, he was compensated at the regular rate of 33 cents per hour. Additional compensa-

tion for the overtime, at the rate of one-half the regular hourly rate, would amount to $10.64 for each of the 104 weeks amounting to the total sum of $1106.72, no part of which has been paid.

5. During the period from October 1, 1944, to August 15, 1945, the plaintiff worked (deducting 3 weeks for the time he took off for vacation, personal sickness and sickness of members of his family) 104 hours each week or 64 hours overtime each week, for a total of 43 weeks, for which, at the regular hourly rate computed in accordance with the established formula, he was compensated at the regular rate of 39 cents per hour. Additional compensation for the overtime, at the rate of one-half the regular hourly rate, would amount to $12.58 for each of the 43 weeks amounting to the total sum of $540.92, no part of which has been paid.

6. The sum of $300 would be a reasonable attorney's fee for the services rendered by plaintiff's attorney in this action.

. 7. The evidence is insufficient to show that the failure of the defendant to pay plaintiff for his overtime the additional sum equal to one-half the regular rate was in conformity with or in reliance on any administrative regulation, order, ruling, approval or interpretation of any agency of the United States or any administrative practice or enforcement policy of any such agency with respect to the class of employers to which it belonged.

8. The evidence is sufficient to show and does establish to the satisfaction of the Court that the omission complained of was in good faith and that defendant had reasonable grounds for believing that its failure to pay plaintiff for overtime at 1½ times regular rate was not a violation of the Fair Labor Standards Act of 1938.

### Conclusions of Law

1. The Court has jurisdiction of the parties and the subject matter of this action. Fair Labor Standards Act, section 16(b) 29 U.S.C.A. § 216(b).

2. "An employee who brings suit under § 16(b) of the Act for unpaid minimum wages or unpaid overtime compensation, together with liquidated damages, has

the burden of proving that he performed work for which he was not properly compensated. The remedial nature of this statute and the great public policy which it embodies, however, militate against making that burden an impossible hurdle for the employee. Due regard must be given to the fact that it is the employer who has the duty under § 11(c) of the Act to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves; even if they do, the records may be and frequently are untrustworthy. It is in this setting that a proper and fair standard must be erected for the employee to meet in carrying out his burden of proof.

■ "When the employer has kept proper and accurate records the employee may easily discharge his burden by securing the production of those records. But where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes a more difficult problem arises. The solution, however is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labor without paying due compensation as contemplated by the Fair Labor Standards Act. In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only ap-

proximate." Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 686, 687, 688, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515.

■ 3. The number of hours during which the plaintiff engaged in work under his employment by the defendant in excess of 40 hours each week constituted overtime for which plaintiff is entitled to be compensated at one and one-half times the regular rate at which he was employed. Section 7 of Fair Labor Standards Act of 1938, 29 U.S.C.A. § 207.

■ 4. Where an employee is compensated at a monthly salary, the established formula for computing the regular hourly rate of such compensation is to multiply the monthly salary by 12 and then divide by 52, thus giving the weekly rate; then, by dividing the weekly rate by the number of hours worked each week, the regular hourly rate is determined. Overnight Motor Transp. Co. v. Missell, 316 U.S. 572, 580, 62 S.Ct. 1216, 86 L.Ed. 1682; Walling v. Youngerman-Reynolds Hardwood Co., 325 U.S. 419, 65 S.Ct. 1242, 89 L.Ed. 1705; Mid-Continent Petroleum Corporation v. Keen, 8 Cir., 157 F.2d 310, 317, affirming Keen v. Mid-Continent Petroleum Corporation, D.C., 63 F.Supp. 120, 142.

■ 5. Since the activity on account of which the plaintiff seeks overtime compensation was an activity which was compensable under the terms of his contract of employment, in effect at the time of such activity, defendant is not relieved from liability under the provisions of section 2 of the Portal to Portal Act of 1947, 29 U.S.C.A. § 252.

6. Under the evidence, plaintiff's claim in this action is not precluded by the provisions of section 9 of the Portal to Portal Act of 1947, 29 U.S.C.A. § 258.

■ 7. Since the evidence shows to the satisfaction of the court that defendant's failure to pay plaintiff the full amount due him for overtime was in good faith and that defendant had reasonable grounds for believing that its omission was not a violation of the Fair Labor Standards Act of 1938, under section 11 of the Portal to Portal Act of 1947, 29 U.S.C.A. § 260 the court should deny plaintiff's claim for

liquidated damages, but should award him reasonable attorney's fee.

■ 8. The plaintiff is entitled to recover from the defendant the sum of $1647.64 on account of unpaid overtime compensation and the cost of this action, together with an attorney's fee of $300.

9. Judgment should be entered in conformity herewith.